(8 App. Div. 23)

### HEWETT v. CHADWICK et al.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

INTEREST—RATE OF.
  Where a mortgage provided that a debt should bear interest, but did not specify the rate, and after it became due the legal rate of interest was changed, the debt thereafter bore interest at such new rate.

Appeal from judgment on report of referee.

Action by Edwin H. Hewett, as administrator of the estate of Mary Hewett, deceased, against John Chadwick, impleaded with

others, to foreclose a mortgage. There was a judgment in favor of plaintiff, and defendant 'appeals. Modified.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

W. B. Simson, for appellant.

P. M. Sullivan, for respondent.

GREEN, J. This action was begun October 30, 1894, to foreclose a mortgage on real estate, and the complaint contains the usual allegations in such cases. It is alleged in the complaint that the mortgage was originally given to Edwin H. Hewett, and he assigned it to Mary Hewett, who thereafter died, and that December 24, 1892, the plaintiff was appointed the administrator of her estate. The defendant, by his answer, alleges that he has not sufficient knowledge as to whether the plaintiff was so appointed, to form a belief, and alleges as an affirmative defense that the mortgage has been paid. The only issue tried before the referee was the one of payment, which was found in favor of the plaintiff, upon evidence sufficient to sustain the finding. No question seems to have been raised on the trial over the appointment of the plaintiff as administrator, and we find no evidence in the record that he was so appointed; but, the plaintiff having filed with this court a certified copy of the decree appointing him administrator, as it is permissible to do to sustain a judgment (Baylies, New Trials, 161), it is sufficient. The referee has, however, committed an error either in the computation of interest or in computing the same contrary to the rule fixing the rate per cent. allowable under the evidence in this case. The mortgage bears date September 17, 1874. By its provisions interest was to be paid semiannually upon all unpaid sums to the time of each payment. No rate of interest was expressed in the mortgage. It became due, by its terms, March 17, 1875. The referee has evidently computed interest at the rate of 7 per cent. per annum to the date of his report. The principal was not paid when due according to the terms of the contract. The contract was violated, and the interest after that upon the amount unpaid could only be recovered as damages, and at the rate of interest allowed by law. The rate of interest was, on the 1st day of January, 1880, reduced to 6 per cent., and from that date plaintiff was entitled to interest at that rate, and not at the higher rate prevailing at the date of the contract. Adopting this rule in the computation of interest, we find that the amount of principal and interest due and unpaid upon this mortgage at the date of referee's report was the sum of $737.79.

The judgment herein should be modified by decreeing that the amount due the plaintiff is the sum of $737.79, instead of the sum of $913.21, and, as so modified, judgment is affirmed. All concur.